# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA MARCOS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　　Defendants.<br>_____/ | Case No. 1:09-cv-01622-SKO<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(Doc. 19) |

## I.   INTRODUCTION

On May 13, 2015, counsel for Plaintiff, Lars A. Christenson[1], Esq., filed a motion for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b).  (Doc. 32.)  Plaintiff was served with a

---

[1] Lars A. Christenson filed the motion on his own behalf as well as on behalf of Robert D. Christenson. Robert D. Christenson was the original attorney representing Plaintiff in the initial denial of benefits with the Social Security Administration and the subsequent appeal in federal court.

Plaintiff retained Robert D. Christenson and the Christenson Law Firm on November 1, 2006.  (Doc. 19, Exh. E, p. 2.)  When Robert D. Christenson passed away in January of 2013, Lars A. Christenson took over work as Plaintiff's counsel and represented Plaintiff in the second remand with the Social Security Administration.  Plaintiff continued her representation by the Christenson Law Firm and retained Lars A. Christenson on June 25, 2013, under virtually identical terms to those under which she had retained Robert D. Christenson.  (Doc. 19, Exh. E, p. 1.)

The motion for an award of attorneys' fees comprises compensation for the work of both Robert D. Christenson and Lars A. Christenson.  *See Kespohl v. Northern Trust Co.*, 236 N.E. 2d 268 (Ill. 1978) (attorneys' fees for the deceased attorney are recoverable by the surviving attorneys in the firm where client permitted surviving attorneys in firm to continue the case through its conclusion); *Green County v. Lewis*, 164 S.W. 489 (Ky. 1914) (same); *Baxter v. Billings*, 83 F. 790 (8th Cir. 1890) (same).  *See also Roe v. Sears, Roebuck & Co.*, 132 F.2d 829 (7th Cir. 1943) (recovery permissible for the fair value of services deceased attorney had rendered pursuant to the contingent fee contract); *Sargent v. New York Cent. & H. R. R. Co.*, 103 N.E. 164 (N.Y. 1913) (extent of recoverable permissible to representative of deceased attorney was the full reasonable value of the services rendered under the contract, but must not exceed the sum or rate fixed by the contract).

copy of the motion for attorney's fees by mail on May 22, 2015. (Doc. 21.) On June 12, 2015, the Court issued a minute order extending the time for Plaintiff Veronica Marcos ("Plaintiff") and the Commissioner to file any objection to Plaintiff's counsel's motion to June 24, 2015. (Doc. 22.) A copy of the minute order was served on the Plaintiff and the Commissioner on June 12, 2015. (Doc. 23.) No opposition was filed. For the reasons set forth below, the motion for an award of attorney's fees is GRANTED.

## II.   BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for disability benefits under the Social Security Act. (Doc. 1.) The parties stipulated to remand the action to the Commissioner for further administrative action pursuant to 42 U.S.C. § 405(g), sentence four, for further evaluation of the medical evidence and credibility determinations. (Docs. 14; 15.) Judgment was entered in favor of Plaintiff and against the Commissioner on April 16, 2010. (Doc. 16.) On May 10, 2010, the parties stipulated to an award of attorney fees and expenses under the Equal Access to Justice Act ("EAJA"). (Docs. 17; 18.) Robert D. Christenson was awarded $981.76 in attorney fees under the EAJA. (Doc. 18.)

On August 30, 2013, the Commissioner issued a decision finding Plaintiff disabled. (Doc. 19, Exh. D.) On December 21, 2014, the Commissioner issued a notice that retroactive disability benefits had been awarded to Plaintiff and that $14,884.75, representing 25 percent of Plaintiff's past-due benefits, had been withheld from Plaintiff's award of disability benefits for payment of any applicable attorney's fees. (Doc. 19.) On May 13, 2015, Lars A. Christenson filed a motion for attorney's fees in the amount of $5,052.25, with an offset of $981.76 for EAJA fees already awarded. (Doc. 19.) It is counsel's Section 406(b) motion for attorney's fees that is currently pending before the Court.

## III.   DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following in relevant part:

//

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Commissioner has standing to challenge the award, despite that the Section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under Section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified

several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement between Plaintiff and Robert D. Christenson provides:

"We agree that if SSA favorably decides my claim at the Appeals Council level; or at the ALJ hearing level <u>after</u> a decision by the Appeals Council or Federal Court; or if a Federal Court favorably decides my case, **I will pay my attorney a fee equal to 25% or all past-due benefits in my Social Security and/or SSI disability claims**."

(Doc. 19, Exh. E, p. 2 (signed November 1, 2006).)

The fee agreement between Plaintiff and Lars A. Christenson further provides:

"We agree that if SSA favorably decides my claim at a 2nd (second) decision at the Appeals Council level; or at the ALJ level after a 2nd (second) decision by the Appeals Council; or at any level after a 2nd (second) decision by the Appeals Council; or at the ALJ hearing level after a decision by a Federal Court; or if a Federal Court favorably decides my case, **I will pay my attorney a fee equal to 25% of all past-due benefits in my Social Security and/or SSI disability claims**."

(Doc. 19, Exh. E, p. 1 (signed June 25, 2013).)  The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included an award of benefits.  As Plaintiff's counsel, Robert D. Christenson spent over 39.6 hours representing Plaintiff prior to his death (Doc. 19, pp. 3, 6-11) and Lars A. Christenson then spent an additional 8.9 hours representing Plaintiff, ultimately gaining a favorable decision after remand to the agency (Doc. 19, pp. 3, 6-11; Exh. D.)  There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff.  There is also no evidence that either Robert D. Christenson or Lars A. Christenson engaged in any dilatory conduct resulting in delay.

//

4

Attorney's fees in the amount of $5,052.25 represents *less* than 25% of the past-due benefits paid to Plaintiff and are not excessive in relation to the past-due award. (Doc. 19.) *See generally Taylor v. Astrue*, No. 1:06-cv-00957-SMS, WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting petition for an award of attorney's fees pursuant to Section 406(b) in the amount of $20,960.00); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of attorney's fees pursuant to Section 406(b) in the amount of $34,500.00); *Logan-Laracuente v. Astrue*, No. 1:07-cv-00983-SMS, WL 4689519, at *2 (E.D. Cal. Nov. 10, 2010) (granting petition for attorney's fees pursuant to Section 406(b) in the amount of $23,558.62).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting *Gisbrecht*, 535 U.S. at 807)).

An award of Section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was awarded $901.76 in fees pursuant to the EAJA; as such, the fee award will be offset by $901.76.

### IV.   CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Plaintiff's counsel pursuant to Section 406(b) are reasonable.

Accordingly, IT IS ORDERED that Plaintiff's counsel's motion for an award of attorney's fees pursuant to Section 406(b) in the amount of $5,052.25 is GRANTED subject to an offset of $901.76 for EAJA fees previously awarded.

IT IS SO ORDERED.

Dated:   **June 30, 2015**               /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE

5